IN THE UNITED STATES DISTRIC COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARIE C. WILLIAMS AND MARIA C. BRIGANDI } | | |
| Plaintiffs, } | | CASE NO 2:15- CV-3543 |
| } | | SECTION "   " |
| vs. } | | MAG. SECTION |
| } | | |
| AT&T CORPORATION – NATIONAL } | | |
| COURT ORDER COMPLIANCE CENTER } | | |
| Defendant, } | | |
| } | | |

## AMENDED COMPLAINT

### 1. JURISDICTION AND VENUE

The United States Eastern District Court federal court has subject matter jurisdiction and venue over this case in which the parties to the lawsuit are citizens of different states, either foreign or domestic, and there is at least $75,000 or more at stake in the lawsuit.  The parties to the lawsuit are diverse in their citizenship, and the amount in controversy is satisfied; thus, then the actual subject matter of the case does not matter.  According to this claim arising from the U.S. Constitution or federal statutes the Federal question jurisdiction is covered in 28 U.S.C.A. § 1331. This statute provides that federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

The specific statutes under which there is jurisdiction, such as a federal question is 28 U.S.C. § 1331 and diversity of citizenship is 28 U.S.C. § 1332. The Telephone Records and Privacy Protection Act (TRPPA) of 2006, 18 U.S.C. ß1039, Telecommunications Act of 1996, 47 U.S.C. ßß151 et seq., Also. The issue of federal law federal privacy laws, such as the Consumer Telephone Records Protection Act of

2006, Privacy Rights Act, Invasion of privacy and the Breach of Consumer Protection of Privacy.  There is diversity because the Plaintiffs live in and are residents of New Orleans, Louisiana. The Defendant AT&T Corporation (AT&T) National Court Compliance Office is domiciled in North Palm Beach, Florida.

### 2. PARTIES

The Plaintiffs are Marie Williams and Maria Brigandi of 64 Grand Canyon Drive, New Orleans, Louisiana 70131 (504) 439-1853.

The Defendant AT&T Corporation, with headquarters in Dallas, Texas, is a corporation organized and existing under the laws of the State of Delaware. AT&T is one of the world's largest providers of communications services. AT&T is the second largest mobile wireless telecommunications services provider in the United States as measured by subscribers, provides mobile wireless telecommunications services in 50 states, and serves in excess of 79 million wireless subscribers.  Its legal court compliance office who released private call logs and information is located in North Palm Beach, Florida.

### 3. COMPLAINT

Plaintiff filed a divorce against Peter R. Brigandi on December 2, 2014.  On March 19, 2015, Plaintiffs received in an old and rarely used post office box opened in December 2014, a letter from The AT&T National Court Order Compliance Office (*Exhibit C*).  Plaintiff opened a post office box because she was locked out of her home and abused.  Plaintiff, Marie Williams, and the children had to live with her parents until January 19, 2015 when Peter R. Brigandi had to be evicted.  The letter from The AT&T National Court Order Compliance Office stated that they received a subpoena request from Attorney Peter Brigandi at 1630 Franklin Street, Gretna, Louisiana for all of Marie Williams and Maria Brigandi's copy of detailed billing statement, including call logs, a list of all data messages, text messages, voice messages, SMS messages and calls received and/or sent during the period of August

1, 2013 (*Exhibit D*).  Plaintiff spoke to Janice Lodge, a representative of The AT&T National Court Order Compliance Office, who without any remorse invaded Plaintiffs' privacy rights, very rude and was not willing to correct their mistake.  Ms. Lodge said that "there was nothing she could do and the records already been sent out".  Plaintiff was the customer whose privacy consumer rights were violated.  AT&T unlawfully mailed requested records to Peter Brigandi on March 16, 2015 without my knowledge or consent.   Furthermore, he requested the records for a divorce.  Peter Brigandi's subpoena request gave the Defendant's a February 20, 2015 deadline to send Plaintiffs' call logs.  AT&T never called Plaintiff regarding the subpoena request on her cellphone records since January 2015 and gave the documents to Peter Brigandi in less time dated on the letter from The AT&T National Court Order Compliance Office and received by Plaintiffs.  Since March 19, 2015, Plaintiff, Marie Williams, spoke to more than fifteen (15) different AT&T representatives who never offered to resolve the matter or complaint regarding the breach of her privacy.  On July 25, 2015, Plaintiff mailed a complaint letter to AT&T (*Exhibit E*) and received a return receipt on July 5, 2015 (*Exhibit F*).  The Defendant was given 10 days of receiving of the package to contact Plaintiff.  AT&T Legal office never called Plaintiff.

   Plaintiff made a complaint with The Federal Communications Commission **(FCC)** that regulates interstate and international communications cell phone companies (*Exhibit G*).  On July 17, 2015, an AT&T Office of the President specialist Marteanus Jones called Plaintiffs regarding their FCC compliant and never took any responsibility in giving Plaintiff's Private communication information to Peter Brigandi (*Exhibit H*).  The AT&T

Compliance Office did not acknowledge any negligence and falsely stated that the subpoena was legal and signed.  The subpoena was neither signed nor legal.

The following are problems with this matter which is now a legal lawsuit for Plaintiffs breach of privacy cell phone communication laws for many reasons:

1)	The Person who subpoenaed the records is Plaintiff's ex-husband who had abused Plaintiff, and paid a private investigator to have Plaintiff, Marie Williams, followed after the filing of the divorce.  The private investigator was violent the Jefferson Parish Police has reports and encouraged Plaintiff Marie Williams to purchase pepper spray and a Sig Sauer for he safety.  Peter Brigandi continues to follow and stalk Plaintiff also on her social media pages where he have been blocked and will create a new profile.

2)	Plaintiff had a Protection from Abuse and Restraining Order on her Ex for fear of her life; Plaintiff left the home when he tried to kill her by strangulation (*Exhibit I*).

3)	Attorney Peter Brigandi sent a nonlegal, outdated and unsigned civil subpoena to AT&T and when Mr. Brigandi received the call logs he harassed and continues to question and harass Plaintiff Marie Williams about her call log.  He has contacted all people on the call log and sent invalid subpoena request to Plaintiffs friends, family members, doctors, business call, lawyers and neighbors. AT&T was the only one to comply and without Plaintiff's consent.  AT&T were the only one to turn over provided cell phone documents to Peter Brigandi.

4)     The subpoena Peter Brigandi sent to AT&T was not signed by a judge and a lawyer cannot subpoena cell phone records without a magistrate's judge signature and only for a criminal case.

5)     Peter Brigandi unlawfully requested the records on January 27, 2015 (he only got the subpoena clocked in but not filed, anyone can have a document clocked in with a date), and the subpoena deadline was February 12, 2015.  AT&T without Plaintiffs' authorization or consent mailed Plaintiff's call logs to Peter Brigandi on March 16, 2015.

6.   AT&T has a Privacy Policy for all customers.  Yet, they violated the Consumer Privacy Act.  QUESTIONS ABOUT AT&T DATA PROTECTION AND SECURITY:

1. Do we sell your Personal Information?  No. We do not sell your Personal Information to anyone, for any purpose. Period.
2. How long do we keep your Personal Information?  We keep your Personal Information as long as we need for business, tax or legal purposes. After that, we destroy it by making it unreadable or undecipherable.
3. What safeguards does AT&T have in place?  We've worked hard to protect your information. And we've established electronic and administrative safeguards designed to make the information we collect secure.

AT&T implemented technology and security features and strict policy guidelines to safeguard the privacy of your Personal Information. Some examples are:

• Maintaining and protecting the security of computer storage and network equipment, and our security procedures require employee user names and passwords to access sensitive data;

• Applying encryption or other appropriate security controls to protect Personal Information when stored or transmitted by us;

• Limiting access to Personal Information to only those with jobs requiring such access; and

• Requiring caller/online authentication before providing Account Information so that only you or someone who knows your Account Information will be able to access or change the information.

• Although we strive to keep your Personal Information secure, no security measures are perfect, and we cannot guarantee that your Personal Information will never be disclosed in a manner inconsistent with this Policy (for example, as the result of unauthorized acts by third parties that violate

4. Will you notify me in case of a security breach? Laws and regulations guide us in how to give you notification when certain types of sensitive information are involved in a security breach.

5. Have your privacy practices been certified? Yes, and we're very proud of it! Trustee has awarded us the TRUSTe Privacy Seal. As an independent third party, TRUSTe's mission is to accelerate online trust among consumers and organizations globally through its leading privacy Trustmark and innovative trust solutions. Our TRUSTe Privacy Seal signifies that TRUSTe has reviewed our Privacy Policy and practices for compliance with TRUSTe's program

requirements. These include transparency, accountability and choice regarding the collection and use of your Personal Information.

### 4. DEMAND .

Plaintiffs seek monetary damages because Defendant violated the AT&T Consumer privacy, FCC Consumer Privacy Laws, Electronic Communications Privacy Act of 1986 (ECPA), 18 U.S.C. § 2510 et seq.), SCA, 18 U.S.C. § 2701 et seq.), Children's and Online Privacy Protection Act, Section 7 of the Clayton Act, 15 U.S.C. § 18, Telephone Records and Privacy Protection Act (TRPPA) of 2006, 18 U.S.C. ß1039, Telecommunications Act of 1996, Consumer Protection Laws of 2006, Federal Communications Commission, March 2007and the TRUSTe Certification Standards.

The Fourth Amendment where AT&T without a signed subpoena or warrant based on probable cause did not comply with warrant requirements without releasing cellphone intimate details by the Plaintiffs who had a reasonable expectation of privacy not to disclose Plaintiffs records.

Plaintiffs are asking the Court for monetary damages and prayer for relief:

Against Defendant for Failure to warn under Consumers Contract;

Against Defendant AT&T Breach of Consumer Contract or breach Plaintiffs 'cellphone privacy;

Against Defendant for violating Plaintiff's right of privacy;

Against the Defendant for violating the rules of the Federal Communications Commission Consumer and Government Affairs Bureau;

Defendant's failure to protect the privacy of Plaintiffs' personal information;

That plaintiffs be awarded their costs of this action for negligence of the Defendant; and

That plaintiffs be awarded their costs for fear of safety, life, therapy and severe emotional distress;

- Punitive damages
- Compensatory damages
- Pain and suffering
- Intentional Infliction of emotional distress
- Harm to privacy
- Mental Distress
- Damages for loss of reputation
- Damages for harm to the plaintiff's "interest in privacy"
- Damages for physical injury or demonstrable pecuniary loss (special damages)
- Elements of emotional distress includes anxiety, embarrassment, humiliation, shame, depression, feelings of powerlessness, and anguish
- Statutory damages, such as treble damages or fines
- Attorneys' fees
- Cost Court

That plaintiffs have such other relief as the Court may deem just and proper.

Dated: September 2, 2015

Respectfully submitted:

*Marie Williams*

Marie Williams

La. Bar Number 25300

64 Grand Canyon Drive

New Orleans, LA  70131

(504) 439-1853