UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAMS ET AL. | CIVIL ACTION |
| VERSUS | No. 15-3543 |
| AT&T CORPORATION | SECTION I |

## ORDER AND REASONS

Before the Court is a motion[1] for summary judgment filed by defendant, AT&T Corporation – National Court Order Compliance Center ("AT&T"). Plaintiffs, Marie C. Williams ("Williams") and her daughter, Maria C. Brigandi, have filed an opposition.[2] For the following reasons, the motion for summary judgment is granted.

## BACKGROUND

Plaintiffs allege that AT&T violated federal law when it released their cell phone records, including billing statements, call logs, and a list of all text, data, and voice messages to plaintiffs' ex-husband[3] and father in response to a subpoena duces tecum.[4] Plaintiffs argue this was an invalid subpoena and, in the alternative, even if it was valid, AT&T violated federal law by sending the pertinent records without their "knowledge or consent."[5]

Specifically, plaintiffs seek to recover under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2522 ("ECPA"), the Stored Communications Act, 18 U.S.C. §§ 2701-2712

---

[1] R. Doc. No. 31.

[2] R. Doc. No. 34.

[3] At the time the subpoena was filed, the plaintiff was in the midst of divorce proceedings. However, the Court will refer to the current relationship between the parties.

[4] R. Doc. No. 12, at 3. The specific events that led to the subpoena, which Plaintiff describes in some detail, are not relevant to the Court's analysis.

[5] R. Doc. No. 12, at 3.

("SCA"), Federal Communications Commission Consumer Privacy laws, the Children's and Online Privacy Protection Act, 15 U.S.C. §§6501-6505, and Section 7 of the Clayton Act.[6] Further, plaintiffs allege that AT&T violated their Fourth Amendment rights, as they had a reasonable expectation of privacy with respect to their cell phone records,[7] and that AT&T breached its contract with plaintiffs.[8]

The Court notes that the vast majority of plaintiffs' factual allegations consist only of accusations against Williams' ex-husband, Peter Brigandi.[9]   While the Court is sympathetic to what must have been a very difficult ordeal for all parties, none of the actions Williams attributes to her ex-husband were within AT&T's knowledge and they are simply not relevant to plaintiffs' claims against AT&T.

AT&T contends that the subpoena was valid and that it relied on it in good faith before releasing the phone records.[10]   Additionally, AT&T asserts that under 18 U.S.C. §2520(d)(1) of the ECPA and 18 U.S.C. §2707(e) of the SCA, AT&T is statutorily immune from all of plaintiffs' claims.[11]   As such, defendant requests that all of plaintiffs' claims be dismissed with prejudice.

## LAW AND ANALYSIS

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines there is no genuine issue of

---

[6] R. Doc. No. 12, at 6-7.

[7] R. Doc. No. 12, at 7.

[8] R. Doc. No. 12, at 7.

[9] *See* R. Doc. No. 34, at 2-3.

[10] R. Doc. No. 31, at 1-2.

[11] R. Doc. No. 31, at 1-2.  AT&T also argues that the exhibits attached to plaintiffs' opposition are unsworn hearsay documents that do not qualify as competent summary judgment evidence.  R. Doc. No. 35, at 2 (citing *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).  The Court need not decide the admissibility of plaintiff's evidence, however, as consideration of the same does not affect the outcome of this motion.

material fact.  *See* Fed. R. Civ. P. 56.  "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the nonmoving party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.*  The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

While plaintiff is appearing *pro se*, she is also a licensed attorney.[12]  When a *pro se* litigant is also a licensed attorney, her pleadings will not be construed "with the lenience normally afforded *pro se* litigants." *Barnes v. Madison*, 79 F. App'x 691, 696 n.4 (5th Cir. 2003); *see also Dolenz v.*

---

[12] R. Doc. No. 1, at 8.

*Fahey*, 298 F. App'x 380, 380-81 (5th Cir. 2008) ("Although [plaintiff] is *pro se*, we have not construed his arguments liberally due to his former status as a licensed attorney."). Accordingly, the Court will not review plaintiffs' complaint with liberal interpretation typically afforded to *pro se* litigants.

## I.    ECPA and SCA Claims[13]

Title II of the ECPA, commonly referred to as the SCA (codified as amended at 18 U.S.C. §§ 2701–2712), governs the various circumstances under which a service provider may divulge the contents of certain electronic communications or disclose other subscriber or customer records and information.[14]  In 1986, Congress passed the SCA as an addition to the ECPA in order to regulate "the relationship between government investigators and service providers in possession of users' private information."[15]  The SCA also regulates the information that service providers can share with nongovernmental entities, but its primary purpose is to regulate "the circumstances in which a governmental entity may require providers to disclose the *contents* of wire or electronic communications in electronic storage."  *In re Application of U.S. for an Order Directing a*

---

[13] In their opposition, plaintiffs characterize AT&T's arguments for summary judgment as premised on the "Privacy Act."  *See* R. Doc. No. 34, at 3, 5, 6.  As explained above, AT&T's motion is actually premised on the "Electronic Communications Privacy Act," or "ECPA."  As plaintiffs cite no statutory provisions that would indicate otherwise, the Court assumes that plaintiffs' references to the "Privacy Act" are intended to refer to the ECPA.  This assumption is supported by the fact that, while there is a federal law known as the "Federal Privacy Act of 1974," codified at 5 U.S.C. § 552a, it is clearly not relevant here.  Indeed, the Privacy Act "sets forth conditions for disclosure of private information and precludes [a government] agency from disclosing information in its files to any person or to another agency without the prior written consent of the individual to whom the information pertains."  *Devine v. United States*, 202 F.3d 547, 550 (2d Cir. 2000) (citing 5 U.S.C. § 552a(b)).  AT&T is not a government agency.

[14] *See* Orin S. Kerr, *A User's Guide to the Stored Communications Act, and A Legislator's Guide to Amending It*, 72 GEO. WASH. L. REV. 1208 (2004) (outlining the structure of the SCA).

[15] *Id.* at 1212.

*Provider of Elec. Commc'n Serv. to Disclose Records to Gov't*, 620 F.3d 304, 306 (3d Cir. 2010); 18 U.S.C. § 2702 (2012).

"The SCA provides a civil cause of action for damages or other relief to any person aggrieved by any violation of the SCA in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind." *Long v. Insight Commc'ns of Cent. Ohio, LLC*, 804 F.3d 791, 796 (6th Cir. 2015) (citing 18 U.S.C. § 2707(a)). It would therefore be a violation for a provider to knowingly divulge subscriber information if the disclosure is not otherwise permitted under the SCA. In regulating which disclosures are permitted, the SCA distinguishes between disclosures of the contents of communications and disclosures of non-content subscriber information.

While the SCA prohibits providers from divulging the contents of subscriber communications, it provides that "[a] provider . . . may divulge a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) . . . to any person other than a governmental entity. 18 U.S.C. § 2702(c)(6) (2012); *see also In re Zynga Privacy Litig.*, 750 F.3d 1098, 1107 (9th Cir. 2014) (explaining that 18 U.S.C. § 2702(c)(6) "do[es]not preclude the disclosure of personally identifiable information; indeed, [it] expressly allow[s] it."). As that is exactly what occurred under the facts of this case, plaintiffs have no cause of action under the SCA or ECPA. Indeed, the Act expressly permits AT&T to divulge non-content subscriber information to "any person other than a governmental entity," as it did here.

It is true that the SCA does not permit providers to release the content of subscriber communications in response to civil subpoenas. *See Viacom International Inc. v. Youtube Inc.*, 253 F.R.D. 256, 264 (S.D.N.Y.2008) (holding the SCA "contains no exception for disclosure of

[the content of] communications pursuant to civil discovery requests"); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F.Supp.2d 606, 611 (E.D. Va. 2008) ("Applying the clear and unambiguous language of § 2702 to this case, AOL, a corporation that provides electronic communication services to the public, may not divulge the contents of the Rigsbys' electronic communications to State Farm because the statutory language of the [SCA] does not include an exception for the disclosure of electronic communications pursuant to civil discovery subpoenas."). However, under the SCA, "contents" refers to the message conveyed in the communication, but not customer information such as the date, time, originating and receiving telephone number for phone calls and text messages. *See Mintz v. Mark Bartelstein & Assocs., Inc.*, 885 F. Supp. 2d 987, 992 (C.D. Cal. 2012).

Courts within the Fifth Circuit have not addressed whether providers can divulge non-content, subscriber information in response to civil subpoenas. However, other federal courts have held that service providers may divulge non-content information to non-governmental entities in response to civil subpoenas. *See, e.g., Loop AI Labs Inc v. Gatti*, No. 15-CV-00798-HSG(DMR), 2016 WL 787924, at *3 (N.D. Cal. Feb. 29, 2016) (Ryu, M.J.) (holding that AT&T may disclose subscriber information in response to a civil subpoena from a private party); *Obodai v. Indeed, Inc.*, No. 13-80027-MISC EMC, 2013 WL 1191267, at *3 (N.D. Cal. Mar. 21, 2013) (Westmore, M.J.) ("Since subscriber information is not protected by the SCA, [litigant] may obtain non-content information pursuant to a valid, civil subpoena."); *Mintz v. Mark Bartelstein & Assocs., Inc.*, 885 F. Supp. 2d 987, 992-93 (C.D. Cal. 2012) (holding SCA permits AT&T to disclose subscriber information pursuant to subpoena, including date, time, originating and receiving telephone number for specified date range); *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 247

(N.D. Ill. 2011) (holding that because requesting entity was "not a government entity, disclosure of the identifying information subpoenaed to [plaintiff] is permitted by the ECPA.").

The information requested in the subpoena at issue did not relate to the contents of the subscribers' messages.  Instead, the subpoena requested that AT&T release phone records for two cell phone numbers, including dates, times, and a list of phone numbers sending and receiving calls and text messages.  As plaintiffs have not asserted that the subpoena revealed the contents of their communications, AT&T did not violate the ECPA or the SCA in releasing these records.

Additionally, both the ECPA and SCA provide a defense when a provider relies on a subpoena in good faith.  *See* 18 U.S.C. § 2520(d)(1); 18 U.S.C. § 2707(e).  While the U.S. Fifth Circuit Court of Appeals has not addressed whether the good faith defense applies to civil subpoenas, other U.S. Circuit Courts have held that the defense applies when providers respond to civil subpoenas in good faith.  *See Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1180-81 (9th Cir. 2013) (applying good faith defense when defendant complied with a civil subpoena in good faith); *McCready v. eBay, Inc.*, 453 F.3d 882, 892 (7th Cir. 2006) ("Good faith reliance on a subpoena is a complete defense to actions brought under the ECPA and SCA. 18 U.S.C. §§ 2520(d)(1), 2707(e).").

In this case, AT&T received what appeared to be a valid civil subpoena, issued by a Louisiana state court and signed by the court clerk.[16]  While plaintiffs allege that the subpoena could have been fabricated, such unsupported speculations do not prevail over a meritorious motion for summary judgment.  Because plaintiffs have failed to specify facts demonstrating that there is a genuine issue of material fact for trial, their claims under the ECPA and SCA cannot survive a motion for summary judgment.

---

[16] R. Doc. No. 31-5.

## II.     Remaining Claims Waived

A single sentence in plaintiffs' opposition asserts that summary judgment cannot be granted because they are bringing claims pursuant to "FCC Consumer Privacy Laws, . . . Children's and Online Privacy Protection Act, Section 7 of the Clayton Act, 15 U.S.C. § 18, Telephone Records and Privacy Protection Act (TRPPA) of 2006, 18 U.S.C. § 1039, Telecommunications Act of 1996, Consumer Protection Laws of 2006, Federal Communications Commission, March 2007 and the TRUSTe Certification Standards."[17]   But no arguments or explanations are offered with respect to these claims.

By failing to address the statutes in more than the most cursory fashion, plaintiffs arguably waive these claims.  *See Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002) ("If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal."); *Thompson v. Exxon Mobil Corp.*, 344 F.Supp.2d 971, 977 (E.D. Tex. 2004) ("Plaintiffs are deemed to have abandoned the remainder of their claims by failing to raise them in their responsive brief.").   Accordingly, although the Court addresses plaintiffs' remaining claims below on the merits, it also holds that those claims are waived pursuant to plaintiffs' failure to brief them.

## III.     Fourth Amendment Claims

Plaintiffs also assert that AT&T violated their Fourth Amendment rights by releasing their subscriber information.  However, AT&T is clearly not a state actor and plaintiffs do not allege that defendant was acting under color of state or federal law.   As such, plaintiffs' Fourth Amendment claims are without merit. *See Morris v. Dillard Dept. Stores, Inc.,* 277 F.3d 743, 747 (5th Cir. 2001) (with respect to a claim for Fourth Amendment violations, "for a plaintiff to state

---

[17] R. Doc. No. 34, at 6.

a viable claim under § 1983 against any private defendant . . . the conduct of the private defendant that forms the basis of the claimed constitutional deprivation must constitute state action under color of law"); *City of Ontario, Cal. v. Quon*, 560 U.S. 746, 747 (2010) ("The [Fourth] Amendment guarantees a person's privacy, dignity, and security against arbitrary and invasive *governmental acts*.") (emphasis added).

## IV.    COPPA Claims

The Children's Online Privacy Protection Act of 1998 ("COPPA") "prohibits unfair or deceptive acts or practices in connection with the collection, use, and/or disclosure of personal information from and about children *on the Internet*."  16 C.F.R. § 312.1 (emphasis added).  The Act applies to "operators," which is defined as "any person who operates a Web site located on the Internet" or offers products or services through the internet.  16 C.F.R. § 312.1.

AT&T is not an "operator."  Therefore, the information AT&T released pursuant to the subpoena does not fall under the category of information regulated by COPPA.  Accordingly, plaintiffs' claims under COPPA must be dismissed.

## V.    Clayton Act Claims

Section 7 of the Clayton Act "prohibits acquisitions, including mergers 'where in any line of commerce or in any activity affecting commerce in any section of the country, the effect of such acquisition may be substantially to lessen competition, or to tend to create a monopoly.'"  *Chicago Bridge & Iron Co. N.V. v. F.T.C.*, 534 F.3d 410, 422-23 (5th Cir. 2008); 15 U.S.C. § 18.  As this case has nothing to do with mergers and acquisitions, plaintiffs' Clayton Act claims must be dismissed.

## VI.    TRPPA Claims

In plaintiffs' reply brief, they assert that AT&T is liable under the Telephone Records and Privacy Protection Act ("TRPPA").[18]  *See* 18 U.S.C. § 1039 (2012).  The TRPPA imposes criminal penalties on individuals who obtain confidential phone records by false or fraudulent statements. *Id*.  Plaintiffs do not explain how this criminal statute imposes civil liability on AT&T.  Whatever fraudulent behavior Williams may believe her ex-husband engaged in, AT&T is not responsible for the same.  The records provided by AT&T were disclosed in good faith reliance on a facially valid subpoena.  Plaintiffs' claims pursuant to the TRPPA are without merit.

## VII.    Breach of Contract Claims

Finally, plaintiffs allege that AT&T breached the terms of the provider contract, specifically the AT&T "Privacy Policy" and the standards provided with the TRUSTe Certification.[19]  The Privacy Policy explains how AT&T stores and handles consumer information, and the TRUSTe Certification signifies that the Privacy Policy complies with TRUSTe's program requirements.  Plaintiffs do not explain how either the Policy or the TRUSTe Certification provide them with a legal right to recover damages in this case or how AT&T violated these provisions by releasing customer information in response to a valid subpoena.  Plaintiffs' assertions are nothing more than conclusory allegations and they are, therefore, without merit.  *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).[20]

---

[18] R. Doc. No. 34, at 6.

[19] R. Doc. No. 34, at 6.

[20]  Plaintiffs also claim that AT&T violated "FCC Consumer Privacy Laws," the Telecommunications Act of 1996, "Consumer Protection Laws of 2006," and the "Federal Communications Commission, March 2007."  R. Doc. No. 34, at 6.  The Telecommunications Act of 1996 prohibits entities that receive or transmit covered communications from "divulg[ing] or publish[ing]" any information related to the communication "except . . . in response to a subpoena issued by a court of competent jurisdiction." 47 U.S.C. § 605 (2012).  Because AT&T relied on a valid subpoena, it did not violate the Telecommunications Act of 1996.

**CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that defendant's motion is **GRANTED** and that plaintiffs' claims in the above-captioned matter are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, March 9, 2016.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

With respect to plaintiffs' allegations concerning unspecified violations of "FCC Consumer Privacy Laws," Consumer Protection Laws, or the "Federal Communications Commission, March 2007," plaintiffs have offered no explanation whatsoever as to why those laws entitle them to damages from AT&T. Regardless, the Court finds that AT&T's good faith reliance on a valid subpoena is an absolute defense to these claims.

11